Jewel PHILLIPS, a Minor, etc., Plaintiff-Appellant,

v.

The DALLAS INDEPENDENT SCHOOL DISTRICT et al., Defendants-Appellees.

No. 72-1497.

United States Court of Appeals, Fifth Circuit.

July 14, 1972.

Charles J. Morris, Maxine T. McConnell, Walter W. Steele, Jr., Dallas, Tex., for plaintiff-appellant.

Spafford, Gay & Whitham, Warren Whitham, Samuel J. Ferro, Jr., Dallas, Tex., for defendants-appellees.

Before DYER, Circuit Judge, SKELTON, Judge *, and INGRAHAM, Circuit Judge.

PER CURIAM:

In this case, Jewel Phillips, a 16 year old girl, brought this suit through her mother and legal guardian, Mrs. Deloris Phillips, against the Dallas Independent School District, Eugene Golden, Principal, and Walter Bingham, Assistant

---

7. Citing Roberts v. Sawyer, 252 F.2d 286, 287 (10th Cir. 1958), and Fleming v. Lawson, 240 F.2d 119 (10th Cir. 1956).

* Hon. Byron G. Skelton, U. S. Court of Claims, sitting by designation.

Principal, respectively, of the W. T. White High School in the above city, seeking a temporary restraining order, a temporary injunction, and a declaratory judgment.

The basis for the suit was that Jewel Phillips, the appellant, was finally suspended from such school for the balance of the school semester ending June 1, 1972, by the school authorities after two hearings in which the plaintiff appeared in person and by counsel, for cursing a teacher and an assistant principal and for using profane, vulgar, obscene, and gutter language. The suspension was approved at all levels in the administrative process of the school district.

While appellant's administrative appeals were in progress and after the first hearing before the school authorities had been held, appellant filed this suit in the U. S. District Court for the Northern District of Texas, seeking a temporary restraining order and a temporary injunction prohibiting and restraining the appellees from enforcing the suspension order, and also asking for a declaratory judgment that the students suspension procedures of the school district were unconstitutional in that they denied the appellant due process and equal protection of the laws in violation of her rights under the 14th Amendment to the United States Constitution. The district court granted the temporary restraining order, and after a hearing denied the temporary injunction. The appellant appealed this decision to this court and obtained a temporary injunction from this court restraining the appellees from enforcing the suspension order against the appellant pending her appeal here. There has been no hearing or decision on the declaratory judgment by the district court. Accordingly, the declaratory judgment issue is not before us.

The temporary injunction issue is the only contention of the appellant that is before us. Reduced to its simplest terms, this issue involved the complaint of appellant that if the temporary injunction was not issued pending her appeal administratively and judicially, she would not be allowed to attend school during the balance of the school year. Under the facts as they exist at the present time, it appears that this complaint was for all practical purposes eliminated and disposed of when this court issued the temporary injunction pending appellant's appeal. This is true because the suspension order of the school authorities expired by its own terms on June 1, 1972. The temporary injunction was still in effect on that date and only expires contemporaneously with this decision. It is presumed that appellant returned to school and finished the school year. Consequently, with respect to the temporary injunction issue, it appears from all the facts and circumstances as they finally developed, that appellant complained about something that never happened. She was allowed to return to school and remain there as a student to the end of the school year. That was the only reason she wanted the temporary injunction. All parties agreed at oral argument that after June 1, 1972, the suspension order of the school authorities is without further force and effect, and after that date, which has now passed, appellant is free to attend any high school in the Dallas Independent School District to which she is properly assigned. No injunction is needed or required in this case under the present facts as far as the future is concerned.

We pretermit any decision on the temporary injunction issue, since there is no viable or enforceable suspension order of the Dallas School authorities in effect against appellant at the present time, and there is no longer any necessity for a temporary injunction or a decision with reference thereto.

We remand the case to the district court for a disposition of the declaratory judgment issue. We leave to that court the determination of whether or not in the present posture of the case the appellant has standing to further litigate that issue.

Remanded.